**Jorgo GJINALI, Aferdita Gjinali, Ida Stiliani Gjinali, Petitioners,**

v.

**Alberto GONZALES, Attorney General of the United States, U.S. Citizenship & Immigration Services, Respondents.**

No. 06–4048–ag.

United States Court of Appeals, Second Circuit.

June 8, 2007.

Joshua Bardavid, New York, NY, for Petitioners.

David R. Dugas, United States Attorney for the Middle District of Louisiana, John J. Gaupp, Assistant United States Attorney, Baton Rouge, LA, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioners Jorgo Gjinali, Aferdita Gjinali, and Ida Stiliani Gjinali, natives and citizens of Albania, seek review of an August 2, 2006 order of the BIA affirming the March 24, 2005 decision of Immigration Judge ("IJ") George T. Chew denying Jorgo's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gjinali,* Nos. A96 263 847/848/849 (B.I.A. Aug. 2, 2006), *aff'g* Nos. A96 263 847, A96 263 848, A96 263 849 (Immig. Ct. N.Y. City Mar. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion adopting and affirming the IJ's decision, we review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

▪ Initially, as the government has pointed out, we note that Gjinali failed to preserve for appellate review, by failing to raise before the BIA, *see* 8 U.S.C. § 1252(d)(1), the IJ's denial of asylum on discretionary grounds, which was an independent and sufficient basis for denying the asylum claim. *Cf. Wu Zheng Huang v. INS,* 436 F.3d 89, 95–96 (2d Cir.2006). Because we do not, as a general rule, address issues that an applicant failed to raise before the BIA, we must let the IJ's denial of asylum on discretionary grounds stand. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007).

With respect to the remaining claims, the IJ relied on an adverse credibility finding to deny Gjinali's applications for asylum, withholding of removal and denial of relief under the CAT. Because the latter two claims do not depend on a favorable exercise of discretion, we address the adverse credibility finding as it relates to them. *See Wu Zheng Huang,* 436 F.3d at 95. The IJ based his adverse credibility finding on discrepancies between Gjinali's testimony about a beating he allegedly sustained from the police at a demonstration on September 12, 1998, and three documents he submitted as corroboration: a hospital record, a statement and receipt from the taxi driver who allegedly drove him to the hospital, and a certificate, purportedly issued by the police. Contrary to Gjinali's assertions in his brief to this Court, an IJ may find a document inauthentic based only on his own inferences, as long as they are supported by the record; such findings are not limited to cases where there is forensic proof of fraud. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007).

▪ Gjinali and his wife both testified that he was beaten severely at the demonstration; both focused on an injury to his head, claiming it had been split open, and when pressed also referred to injuries in his stomach area. However, the document he submitted from the hospital listed his

diagnosis as pancreatitis, and did not include any reference to a head injury or any other trauma. Although it may be, as Gjinali claims on appeal, that pancreatitis can be caused by abdominal trauma, the IJ reasonably inferred from the absence of any reference to trauma, that Gjinali's own case of pancreatitis did not develop under the circumstances he described. *See id.* Likewise, when Gjinali testified that he never paid the taxi driver, and that the driver did not write his corroborating statement contemporaneously, the IJ reasonably questioned the authenticity of Gjinali's submissions of a receipt and a letter dated September 12, 1998. *See id.* Finally, the IJ reasonably found it inherently implausible that the police would issue a certificate, several years later, confirming that they had stopped Gjinali "for participating in illegal protests." *See Ming Xia Chen v. BIA,* 435 F.3d 141, 145–46 (2d Cir.2006). That the certificate did not list the accurate date for the protest renders the IJ's suspicions even more appropriate.

Accordingly, the inferences the IJ used to find that Gjinali's documents were not what they purported to be were adequately supported by the record, and his findings regarding those documents provided a sufficient reason to find Gjinali incredible overall. *See Siewe,* 480 F.3d at 170. That adverse credibility finding is a sufficient basis for the IJ's determination that petitioner should be denied withholding of removal and CAT relief.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).